**U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.: 1:24-cr-556 |
| v. | JUDGE: TREVOR N. MCFADDEN |
| DERRICK THOMAS MARTIN | |

<u>**DEFENDANT'S MOTION TO EXCLUDE AND SUPPRESS IN-COURT IDENTIFICATION BY SGT. MICHAEL SMITH UNDER THE FIFTH AND SIXTH AMENDMENT AND MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES**</u>

Undersigned counsel, on behalf of Mr. Derrick Martin, respectfully moves this Court, to exclude and suppress any in-court identification by Sgt. Michael Smith, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, the Federal Rules of Criminal Procedure, this Court's pretrial order, and any applicable laws. Undersigned counsel respectfully requests an evidentiary hearing on this Motion at the April 30, 2025 motions hearing date. Any in-court identification would the result of an unnecessary law-enforcement-initiated, impermissibly suggestive identification procedure and result in an unacceptably unreliable identification.

In support of this Motion, undersigned counsel states the following on information and belief:

**<u>STATEMENT OF FACTS</u>**

1. On November 25, 2024, law enforcement went to 1600 Pennsylvania Avenue, S.E. in Washington, D.C. to execute an arrest warrant for Mr. Martin. After the police were seeking access at the front door of Apartment 402, the government alleges that Sgt. Michael Smith was "standing outside the apartment building on the street" and observed "a man he recognized to be Mr. Martin open the window the apartment and throw a black backpack

1

out the window." ECF 15, at 5. The defense does not move at this time to suppress and exclude this out-of-court identification. The defense does move to suppress and exclude any in-court identification of Mr. Martin by Sgt. Smith.

2. The government has not conducted an out-of-court line-up of persons or photographs that includes Mr. Martin with Sgt. Smith.

3. By bringing these charges against Mr. Martin and by asking for an in-court identification by Sgt. Smith as a witness, any such identification would be the product of a government-initiated identification procedure.

4. Mr. Martin will be the only Black man at either of the counsel tables (or the bench). He will be identified to the jurors as the defendant. Any in-court identification would be a single-person show-up. The process is unnecessary because the government has alternative means to create and conduct a government-initiated identification procedure. And any in-court identification by Sgt. Smith would be inaccurate and constitutionally unreliable.

5. Sgt. Smith and Mr. Martin had no previously familiarity with each other. From Sgt. Smith's vantage point, he could not observe any person at the window from which the backpack is alleged to be thrown. To the extent that he says he could observe a particular person, it would have been the briefest of moments. The Body Worn Camera video of Sgt. Smith does not show the window or anyone at the window, never mind Mr. Martin. There is no corroboration of any kind for the alleged observation of Mr. Martin. Mr. Martin did not throw the backpack out of the window.

6. Any in-court identification of Mr. Martin would derive from a government-initiated, unduly suggestive identification procedure of a single-person show up at the defense table

2

that is absent an independent source and that is inaccurate and insufficiently reliable to pass constitutional muster. Any in-court identification must be suppressed and excluded.

7. Because there are factual issues that need to be resolved, the Court should hold an evidentiary hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS AND EXCLUDE IN-COURT IDENTIFICATION

**I.      ANY IN-COURT IDENTIFICATION BY SGT. SMITH MUST BE SUPPRESSED AND EXCLUDED PURSUANT TO MR. MARTIN'S CONSTITUTIONAL RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS**

To evaluate whether the Due Process Clause bars admission of identification evidence, courts use a two-pronged test. *United States v. Rattler*, 475 F.3d 408, 411 (D.C. Cir. 2007). A court must determine first, whether the identification procedure 'was impermissibly suggestive," *id.* (quoting *United States v. Washington*, 12 F.3d 1128, 1134 (D.C. Cir. 1994)). "[I]f so, [the court must determine] second, whether, under the totality of the circumstances the identification was sufficiently reliable to preclude 'a very substantial likelihood of irreparable misidentification.'" *Id.* (quoting *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977)).

The same test applies to both out-of-court and in-court identifications. In-court identifications where a witness is asked to make an identification while the defendants sitting at counsel table with his attorney are, like one-person show ups, inherently suggestive. *See, e.g.*, *United States v. Archibald*, 734 F.2d 938, 941-32, *modified* 756 F.2d 223 (2d Cir. 1984); *United States v. Emanuele*, 51 F.3d 1123, 1130 (3d Cir. 1995); *United States v. Green*, 704 F.3d 298, 308-10 (4th Cir. 2013); *United States v. Davis*, 103 F.3d 660, 670 (8th Cir. 1996). This is because "it is obviously suggestive to ask a witness to identify a perpetrator in the courtroom when it is clear who is the defendant." *United States v. Rogers*, 126 F.3d 655, 658 (5th Cir. 1998).

3

The U.S. Supreme Court most recently addressed the impermissibly suggestive prong in *Perry v. New Hampshire*, 565 U.S. 228 (2012). The Supreme Court made clear that the Due Process Clause is limited to circumstances in which an identification has "the taint of improper state conduct." 565 U.S. at 245. To find an identification procedure impermissibly suggestive, trial courts must determine if the procedure is suggestive, unnecessary, and arranged by a law enforcement entity. *Id.* at 238-39.

Even if an earlier identification occurred absent government initiation (for example the witness allegedly observes a suspect later walking down a street), an in-court identification procedure orchestrated by the identification prosecutor is, by its nature, an unduly suggestive procedure. *See, e.g.*, *Lee v. Foster*, 750 F.3d 687, 691-92 (7th Cir. 2014). An in-court identification of Mr. Martin is impermissibly suggestive. The in-court identification is, in the words of *Perry*, arranged by law enforcement," 565 U.S. at 248, and has "the taint of improper state action," *id.* at 245, because the government chose to bring Mr. Martin to trial and will be choosing to ask the officer for an identification at Mr. Martin's trial. This is the equivalent of a government-initiated, one-man show up. "Furthermore, it is unnecessary for the prosecution to seek "this identification "at trial, since the prosecution could easily have arranged a pretrial lineup" of persons or photographs. *United States v. Morgan*, 248 F. Supp.3d 208, 213 (D.D.C. 2017) (ESH).

An in-court identification is subject to the same reliability analysis as impermissibly suggestive pretrial identifications. *See McFowler v. Jaimet*, 349 F.3d 436, 448-49 (7th Cir. 2003); *Kennaugh v. Miller*, 289 F.3d 36, 46-47 (2d Cir. 2002). Under the second prong of the test, the trial court mut determine whether an identification is "sufficiently reliable to preclude á very substantial likelihood of irreparable misidentification.'" *Rattler*, 475 F.3d at 411 (quoting *Manson*, 432 U.S. at 116). "The factors to be considered … include the opportunity of the witness to view the

4

[suspect] at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the [suspect], the level of certainty demonstrated at the confrontation, and the time between the time and the confrontation. Against these factors is to be weighed the corrupting effect *of the suggestive identification itself." Manson*, 432 U.S. at 114. The factors – also known as the *Neil v. Biggers* factors, 409 U.S. 188, 199-200 (1972) – are not exhaustive. *See Haliym v. Mitchell*, 492 F.3d 680, 706-07 (6th Cir. 2007) (finding witness' four prior encounters with suspect as bolstering ensuing identification's reliability). And given how the factors are almost fifty years old, given current science, they are also likely over-inclusive.

"[R]eliability is the linchpin in determining the admissibility of identification testimony." *Id.* "[T]he trial judge must screen the evidence for reliability pretrial. If there is a "very substantial likelihood of irreparable misidentification, the judge must disallow presentation of the evidence at trial. But if the indicia of reliability are strong enough to outweigh the corrupting effect of the police-arranged suggestive circumstance, the identification ordinarily will be admitted, and the jury will ultimately determine its worth." *Perry*, 565 U.S. at 232.

The first, and the "most important factor" of the reliability inquiry, *Young v. Conway*, 698 F.3d 69, 80 (2d Cir. 2012) is the witness' opportunity to view the alleged perpetrator at the scene. Here, it was minimal at best. From Sgt. Smith's vantage point, he could not observe any person at the window from which the backpack is alleged to be thrown. To the extent that he says he could observe a particular person, it would have been the briefest of seconds. The Body Worn Camera video of Sgt. Smith does not show the window or anyone at the window, never mind Mr. Martin.

The second factor – the witness' degree of attention – also weighs against the reliability of an in-court identification. The officer was not looking at the window and was not looking at any

particular person at the window. The officer's attention was drawn by a falling object, the backpack.

As for the third factor, the out-of-court identification was inaccurate. Mr. Martin did not throw the backpack out of a window. He was not at a window. Nor was there any actual description of the person – height, weight, build, skin complexion, hair, clothes. etc. And there is no evidence of any prior familiarity of the officer with Mr. Martin.

The fourth and fifth factors pertain to what the officer will say at the pretrial hearing about his current belief and any in-court identification of Mr. Martin. The fourth factor is his degree of certainty. That will be learned at the hearing. The last factor is the great length of time of six months that will have passed between the very brief observation, if any, on November 25, 2024 and the trial that begins on May 26, 2025.

An in-court identification will be the product of an impermissibly suggestive, law-enforcement initiated procedure that is so unreliable as to risk a substantial risk of an irreparable misidentification before the jury.

## CONCLUSION

**WHEREFORE**, for the reasons stated above, and for any others that may become apparent at a hearing on this Motion, Mr. Derrick Martin respectfully requests this Honorable Court to suppress and exclude any in-court identification made.

Respectfully submitted,

/s Edward J. Ungvarsky
Edward J. Ungvarsky, Bar No. 459034
Ungvarsky Law, PLLC
421 King Street, Suite 505
Alexandria, VA 22314
DC: 202 546 1500
VA: 571 207 9710

6

Cell: 202 409 2084
Email: ed@ungvarskylaw.com
Counsel for Derrick Martin

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing <u>Motion to Suppress Identification</u> was served on the government, via electronic filing, on this 4th day of April, 2025.

<u>/s/ Edward J. Ungvarsky</u>
Edward J. Ungvarsky