U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.: 1:24-cr-556 |
| v. | JUDGE: TREVOR N. MCFADDEN |
| DERRICK THOMAS MARTIN | |

**DEFENDANT'S MOTION TO CONTINUE TRIAL**

Derrick Martin, through undersigned counsel, pursuant to his rights under the Fifth, Sixth, and Fourteenth Amendments, respectfully moves this Honorable Court to continue his trial in this matter. The government opposes this Motion.

In support therefore, undersigned counsel, on behalf of Mr. Martin submits the following on information and belief:

1. Mr. Martin is scheduled to begin trial on narcotics and firearms charges on March 10, 2026. The trial has previously been continued.

2. Two of Mr. Martin's charges carry mandatory minimum time: a mandatory minimum of 10 years for the fentanyl charge and a consecutive mandatory minimum for a firearms charge. The government estimates Mr. Martin's guidelines, if convicted at trial, to exceed 30 years on the bottom.

3. Undersigned is appointed under the Criminal Justice Act, upon the withdrawal of the Federal Defender for a conflict.

4. Counsel met with Mr. Martin last night at the D.C. Jail. Counsel understands that Mr. Martin has concerns about undersigned counsel's representation and that Mr. Martin is contacting private attorneys to hire new counsel.

5. The defense has sought to retain certain experts in the lead-up to the trial for consultation purposes. One of the experts is a forensic chemist; another of the experts is a digital forensics expert.

6. For reasons that the Court is not responsible, the Court has not yet had the opportunity to view those voucher requests. The work of those experts has not yet been approved. While undersigned counsel has reached a tentative stipulation as to the DEA chemist testimony in this case, Mr. Martin needs the evaluation of a digital forensic expert to review certain of the government's digital evidence in support of its possession of firearm charges.

7. The DEA chemical analysis reports for the alleged fentanyl analog and the alleged cocaine recovered from inside the backpack reflect that the DEA's chemical analyses were based upon a sampling of the alleged narcotics, not all the alleged narcotics. Most of the alleged narcotics were not tested. This is significant because the quantity of illegal narcotics is relevant to Mr. Martin's charges, mandatory minimums, and guidelines. Thus, it matters if the other material alleged to be fentanyl analog and cocaine are in fact fentanyl analog and cocaine.

8. Mr. Martin wishes to send the alleged narcotics evidence from the backpack to an independent laboratory to examine fuller samples of the alleged narcotics.

9. The government noticed Jillian Ganley, an intelligence research specialist with ATF as an expert in the analysis and mapping of historical location data. ECF 29. On page 6 of the ECF 29, the government's provides Ms. Ganley's proposed case-specific testimony in two paragraphs. The first paragraph concerns historical data for the period in advance of Mr. Martin's arrest to support Mr. Martin's connection to 1600 Pennsylvania Avenue, S.E., which is West of the Anacostia River. Defense counsel's own review of the historical data shows that Mr. Martin had more cell tower hits on towers that are East of the Anacostia River, nearby other addresses associated with Mr. Martin and that most of Mr. Martin's cell tower hits were on towers in Prince George's County, Maryland. In other words, the cell tower evidence shows that Mr. Martin had connections to the arrest location but also show

that he had additional and greater frequency of contacts at other locations. In other words, that the arrest location is not Mr. Martin's primary residence.

10. Defense counsel anticipated being able to speak with Ms. Ganley about this data, including showing her outside of court charts and maps that show the cell tower location hits.

11. The government advised yesterday that Ms. Ganley, a federal government employee within the auspices of the U.S. Department of Justice, has refused to speak with defense counsel in advance of trial. Undersigned counsel is therefore unable to meet with Ms. Ganley and runs the risk that she will claim lack of knowledge of the cell tower hits that do not fit the government's theory at trial and that counsel will not be able to effectively confront her and bring out the favorable information as substantive evidence. Nor does undersigned counsel have time to locate and notice a rebuttal cell tower expert witness for Mr. Martin's trial. Mr. Martin will be severely prejudiced if he is unable to present evidence that most of his cell tower hits are not at/near the arrest location.

12. Mr. Martin only gets one trial. It must be one in which he receives effective assistance of counsel, with effective investigation, and effective use/rebuttal of scientific evidence. He also is entitled to the counsel of his choice, not the counsel of convenience. For the reasons provided above and any that will appear at a hearing on this Motion, he constitutionally requires a continuance of the trial.

13. Undersigned counsel has informed the government of this motion and the bases thereof. The government informed defense counsel to report that the government <u>opposes</u> this Motion. The defense understands that the government may respond orally, and not in writing, to this motion to continue.

14. If the Court wishes to schedule an in-person hearing or teleconference on this Motion, the parties ask that the hearing occurs in advance of the trial date. The

government is available as of 11:30 a.m. on Friday, March 6, 2026. On Friday, March 6, undersigned has a court obligation from 1:00-2:30 p.m., which will be handled via Zoom/Teams. On Monday, March 9, 2026, the government is available after the conclusion of a 9:30 a.m. sentencing hearing, so as of 11:00 a.m. Defense counsel has a status hearing at 9:30 a.m. and is also available as of 11:00 a.m.

WHEREFORE, for the foregoing reasons and any others that may appear to the Court at a hearing, the defense requests that the trial is continued.

Respectfully submitted,

/s Edward J. Ungvarsky
Edward J. Ungvarsky, Bar No. 459034
Ungvarsky Law, PLLC
421 King Street, Suite 505
Alexandria, VA 22314
DC: 202 546 1500
VA: 571 207 9710
Cell: 202 409 2084
Email: ed@ungvarskylaw.com
Counsel for Derrick Martin

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Continue was served on the government, via electronic filing, on this 5th day of March, 2026.

/s/ Edward J. Ungvarsky
Edward J. Ungvarsky