UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 24-CR-556 (TNM) |
| v. : | |
| : | |
| DERRICK MARTIN, : | |
| : | |
| Defendant. : | |

## UNITED STATES' OPPOSITION TO THE DEFENDANT'S MOTIONS IN LIMINE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to the defendant Derrick Martin's Motion in Limine to Exclude Video that Shows Different Micro Draco (ECF No. 72), Motion in Limine to Exclude Recording Studio Video that shows Different Micro Draco (ECF No. 73), and Motion in Limine to Exclude Livestream Video that Shows Mr. Martin Hand a Micro Draco to Another Person (ECF No. 74, collectively, the "Motions"). In the Motions, the defendant asks the Court to exclude probative evidence that this Court has already considered and ruled admissible. Rather than presenting any new legal issue, the Motions simply repackage arguments previously raised during the parties' Rule 404(b) litigation. The United States incorporates its prior briefings (at ECF Nos. 28 and 38) and rests on the Court's prior rulings. Because the challenged evidence is plainly relevant and well within the bounds of Rules 401 and 403, the Court should deny the defendant's Motions.

## ARGUMENT

Motions in Limine are not vehicles for relitigating issues that have already been resolved. Nor are they designed to convert ordinary factual disputes into questions of admissibility. The Federal Rules of Evidence establish a strong preference for admitting relevant evidence so that the jury can determine the weight that evidence deserves.

## I.   The Evidence Easily Satisfies Rule 401

Evidence is relevant if it has "any tendency" to make a fact of consequence probable. Fed. R. Evid. 401. The D.C. Circuit has repeatedly emphasized that this standard imposes only a low bar. *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000).

The Motions target evidence that bears directly on issues the jury must decide, including the defendant's knowledge, intent, and access to the type of firearm charged in this case. Evidence showing the defendant in proximity to, or interacting with, a Micro Draco firearm tends to make it more probable that the defendant knowingly possessed or had access to such a firearm.

The defendant's primary argument—that the firearm visible in the 404(b) evidence may not be the exact same firearm recovered in this case—misconstrues the issue and provides no basis for exclusion. That contention presents, at most, a factual dispute for the jury. The Federal Rules of Evidence do not require the United States to prove at the admissibility stage that the firearm depicted is the precise firearm recovered in the investigation. Rather, the question is simply whether the evidence has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401.

Here, the evidence in question in ECF Nos. 72, 73, and 74 indicates or shows that the defendant was in close proximity and/or interacting with the same distinctive type of firearm charged in the indictment: a Micro Draco. Evidence demonstrating the defendant's familiarity with, access to, or proximity to that type of weapon is probative of knowledge and intent in a felon-in-possession case. Even assuming *arguendo* that the firearm depicted in the video were a different firearm, the evidence would remain probative because it shows the defendant's access to and familiarity with the same distinctive category of weapon at issue. Any dispute about whether the

firearm in the videos is the precise firearm recovered goes to the weight of the evidence—a determination for the jury—not its admissibility. Further, evidence demonstrating familiarity with or access to that type of weapon is plainly relevant to knowledge and intent in a felon-in-possession case.

## II. The Defendant's Arguments Go to Weight, Not Admissibility

The defendant's remaining arguments—that other individuals were present, that the defendant may not have physically handled the firearm, or that someone else may have possessed it—are classic issues for the jury. The D.C. Circuit has made clear that disputes over how evidence should be interpreted go to weight, not admissibility. *United States v. Cassell*, 292 F.3d 788, 795 (D.C. Cir. 2002). The defense is free to cross-examine witnesses, present its own interpretation of the videos, and argue to the jury that the firearm belonged to someone else. But those arguments do not justify excluding the evidence altogether. Indeed, courts routinely admit evidence placing a defendant in proximity to firearms because such evidence is probative of knowledge and access. *See, e.g., Cassell*, 292 F.3d at 794-95 (affirming admission of firearm-related evidence as probative of knowledge and intent).

## III. Rule 403 Provides No Basis for Exclusion

Rule 403 permits exclusion only where the probative value of evidence is substantially outweighed by a danger of unfair prejudice, confusion, or waste of time. That demanding standard is not met here. The challenged evidence is straightforward, limited in duration, and directly related to the issues the jury must resolve. It provides context regarding the defendant's relationship to the same type of firearm charged in the indictment. The fact that the evidence is unfavorable to the defendant does not make it unfairly prejudicial. *See Cassell*, 292 F.3d at 796, *citing Dollar v. Long Mfg., N.C., Inc.,* 61 F.2d 613, 618 (5th Cir.1977) ("'[U]nfair prejudice' as used in Rule 403 is not

3

to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'").

## IV.    The Court Has Already Resolved These Issues

Most importantly, the defendant's Motions attempt to relitigate issues the Court has already addressed. In ruling on the parties' Rule 404(b) briefings, the Court determined that the challenged evidence was admissible. The defendant identifies no intervening authority and no newly discovered fact that would justify revisiting that ruling.

## CONCLUSION

For all of these reasons, and for the reasons previously set forth in the United States' Rule 404(b) filings, the Court should deny the defendant's Motions.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:   _____/s/_____
MICHAEL C. LEE
Assistant United States Attorney
CT Juris No. 436272
601 D Street, NW
Washington, D.C. 20530
202-252-7745
Michael.Lee4@usdoj.gov